**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROGER KELLY,

    *Plaintiff*,

v.

NATIONAL CITY BANK,
PAUL F. BEGGS, KIM
CAROLAN, STEVEN FOLK,
COLEEN KELLY, and
RICHARD J. O'BRIEN,

    *Defendants*.
_____/

CASE NO. 14-CV-12337

DISTRICT JUDGE GEORGE CARAM STEEH
MAGISTRATE JUDGE CHARLES E. BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because Plaintiff has failed to state a claim upon which relief can be granted.

**II.    REPORT**

    **A.    Introduction**

On June 13, 2014, Plaintiff Roger Kelly, an inmate at the Saginaw Correctional Facility in Freeland, Michigan, filed this *pro se* action, indicating, on the cover sheet, that the case involved a "federal question," specifically, "other civil rights." (Doc. 1 at 1, 34.) In addition, in the relief section, Plaintiff asks that the court "grant Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 and pursuant to Bivens v. Six unknown named agents of the Federal Bureau of Narcotics. 403 U.S. 288 (1971)." (Doc. 1 at 6.)

Plaintiff's complaint alleges that his business partner was allowed to buy-out of a mortgage while he was not, that he was "[o]n the brink of bankruptcy," that foreclosure proceedings began and that a "physical fight lead to [his business partner's] death and my retained attorney, Paul Beggs, disregarded my inquiries..." (Doc. 1 at 3.)  Plaintiff's complaint foes on to describe his frustrations with trying to get relief from the various Defendants and his disappointment with their failure to help him. (Doc. 1 at 4-5.)

Plaintiff's application to proceed without prepayment of fees was granted on June 30, 2014 (Doc. 4,) pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), and the case was referred to the undersigned magistrate judge for pretrial proceedings on June 27, 2014. (Doc. 3.) After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

    **B.**    **Screening Procedure and Standards**

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). In 1996, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service

of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

Federal courts are under an independent obligation to examine their own jurisdiction. *U.S. v. Hays,* 515 U.S. 737, 742, 115 S. Ct. 2431, 132 L. Ed. 2d 635 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two ways this Court can obtain jurisdiction over such a case; first, the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute confers on the federal district courts what is known as "federal question jurisdiction."

Second, pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000.

### C. Analysis & Conclusion

Plaintiff's purported basis for this court's jurisdiction is federal question jurisdiction under 28 U.S.C. § 1331.[1] However, Plaintiff's claims in his complaint do not arise under any federal statute but rather aver legal malpractice, breach of contract, unlawful buyout, misrepresentation, and negligence claims. These claims do not raise a federal question. *Titus v. Ewert*, 92 F. App'x 334, 335 (7th Cir. 2004)(legal malpractice); *Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 269 (6th Cir. 2007)(negligence, tort claims); *Nollner v. Southern Baptist Convention, Inc.*, 852 F. Supp. 986, 999 (M.D. Tenn. 2012)(no matter which state law applies, breach of contract does not incorporate any federal issues and thus, does not give rise to federal question jurisdiction).

Plaintiff does use a phrase from the U.S. Constitution; however, I suggest that this is insufficient to state a constitutional claim. Plaintiff argues that Defendant National City Bank's actions in offering his business partner a buyout while not offering that same option to Plaintiff were "in violation of his due process rights" (Doc. 1 at 4.) However, neither Defendant National City Bank nor any of the other Defendants are state actors acting under color of state law, nor are they federal actors. Thus, neither § 1983 nor *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)*, applies. See, Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005).

Accordingly, the complaint fails to state a basis for this court's exercise of subject matter jurisdiction and should be dismissed. Fed. R. Civ. P. 12(h)(3).

---

[1] I note that several Defendants to this action are citizens of the State of Michigan and thus, diversity jurisdiction would not be appropriate under § 1332.

4

### III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same

order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 1, 2014 　　　　　　　　　　　　／S PATRICIA T. MORRIS
　　　　　　　　　　　　　　　　　　　　　　Patricia T. Morris
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATION

　　　I hereby certify that this Report and Recommendation was electronically filed this date using the Court's CM/ECF system which delivers a copy to all counsel of record.  A hard copy was served by first class mail on Roger Lee Kelly, #748808, Saginaw Correctional Facility, 9625 Pierce Rd., Freeland, MI, 48623.

Date:  July 1, 2014 　　　　　　　　　　By　　　s/*Jean L. Broucek*
　　　　　　　　　　　　　　　　　　　　　　Case Manager to Magistrate Judge Morris

6